## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

### CASE NO. _____

NEECIE JACKSON,

     Plaintiff,

v.

EQUIFAX INFORMATION
SERVICES LLC,

     Defendant.

_____/

## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
## NOTICE OF REMOVAL

COMES NOW, Equifax Information Services LLC ("Equifax"), and files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and in support thereof would respectfully show the Court as follows:

### A.     PROCEDURAL BACKGROUND

1.     On June 29, 2026, Plaintiff Neecie Jackson ("Plaintiff") filed their Complaint ("Complaint") in this action in the County Court of the Ninth Judicial Circuit Court in and for Orange County, Florida, Case No. 2026-SC-018446-O ("State Court Action"). Plaintiff alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*., against Defendant.

2.      Equifax was served with Plaintiff's Summons and Complaint on July 6, 2026.  A copy of the State Court Complaint is attached hereto as **Exhibit A**.  This Notice of Removal is being filed with the thirty-day (30-day) time period required by 28 U.S.C. § 1446(b).

### B.      <u>GROUNDS FOR REMOVAL</u>

3.      The present suit is an action over which the United States District Court for the Middle District of Florida, Orlando Division, has original jurisdiction pursuant to 28 U.S.C. § 1331, as it is a civil action founded on a claim or right arising under the laws of the United States.  This civil action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1446(b). Removal is proper because Plaintiff's claims present a federal question. 28 U.S.C. §§ 1331 and 1441(a). In the Complaint, Plaintiff seeks damages for Defendant's alleged violations of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

### C.      <u>COMPLIANCE WITH PROCEDURAL REQUIREMENTS</u>

4.      Pursuant to 28 U.S.C. § 1441(a), venue of the removal action is proper in the United States District Court for the Middle District of Florida, Orlando Division, because it is in the district and division embracing the place where the state court action is pending.

5.       In accordance with 28 U.S.C. § 1446(a), a copy of all executed process, pleadings asserting causes of action, and orders in the State Court Action

- 2 -

served upon Defendant Equifax are attached hereto as **Exhibit B**.

6.      Promptly after the filing of this Notice of Removal, Equifax shall give written notice of the removal to the Plaintiff and will file a copy of this Notice of Removal with the County Court of the Ninth Judicial Circuit Court in and for Orange County, Florida, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Equifax respectfully prays that the action be removed to this Court and that this Court assume full jurisdiction as if it had been originally filed here.

Dated: July 27, 2026                          Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP

By: /s/ *Jason Daniel Joffe*
Jason Daniel Joffe
Florida Bar No. 0013564
200 S. Biscayne Blvd., Suite 3400
Miami, FL 33131
Telephone: (305) 577-7000
Facsimile:  (305) 577-7001
Email:jason.joffe@squirepb.com

*Counsel for Defendant Equifax*
*Information Services LLC*

010-9377-4332/1/AMERICAS

## CERTIFICATION OF COMPLIANCE WITH RULE 11

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11.

I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

By: */s/ Jason Daniel Joffe*
Jason Daniel Joffe

- 4 -

010-9377-4332/1/AMERICAS

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true copy of the foregoing document has been filed via the CM/ECF filing system this July 27, 2026, which will serve an electronic Notice of Filing to all registered users. I further certify that a copy of the foregoing document was provided to Plaintiff's counsel via email transmission:

James Hubbard, Esq.
Seraph Legal, P.A.
3505 E. Frontage Rd., Suite 105
Tampa FL 33607
Telephone:  (813) 567-1230
Email:  bscarangella@seraphlegal.com

*Counsel for Plaintiff*


*/s/ Jason Daniel Joffe*
Jason Daniel Joffe

010-9377-4332/1/AMERICAS